**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **LYNN DICKSON**, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **MEDIANEWS GROUP, INC.** dba **DIGITAL FIRST MEDIA,** a Delaware corporation; **THE DENVER POST CORPORATION**, a Delaware corporation; and **SULLIVAN PROMOTIONS INC.**, a Colorado corporation, | |
| *Defendants*. | |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Lynn Dickson ("Plaintiff" or "Dickson") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against MediaNews Group, Inc. d/b/a Digital First Media ("MediaNews Group"), The Denver Post Corporation ("Denver Post"), and Sullivan Promotions Inc. ("Sullivan Promotions") to stop their collective practice of making unsolicited telephone calls to the landline telephones of consumers nationwide who are registered on the National Do Not Call Registry and who have told Defendants to stop calling repeatedly, and to obtain redress, including injunctive relief, for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

## NATURE OF THE ACTION

1. Defendants work together in a collective fashion to market and sell *The Denver Post*, a newspaper, to consumers throughout Colorado and the United States.

2. In an attempt to market and sell *The Denver Post*, Defendant Sullivan Promotions, acting as the agent of Defendant MediaNews Group and Defendant Denver Post, made multiple unsolicited promotional telephone calls on the collective behalf of Defendant MediaNews Group and Defendant Denver Post to the landline telephones of Plaintiff and the other members of the putative Classes who are registered on the do not call registry and who have told Defendants to stop calling them. This violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. On information and belief, Defendants failed to have a written policy of dealing with do not call requests available on demand, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

4. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Classes actual harm, including the annoyance, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls.

5. In response to Defendant's unlawful conduct, Plaintiff filed this action seeking an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendants because Defendants conduct a significant amount of business in this District, solicits consumers in this District, made and continues to make unsolicited calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7. Venue is additionally proper because both Plaintiff and Defendants reside in this District.

## PARTIES

8. Plaintiff Lynn Dickson is a natural person residing in Broomfield, Colorado.

9. Defendant MediaNews Group, Inc. d/b/a Digital First Media is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 101 West Colfax Avenue, Suite 1100, Denver, Colorado 80202. Defendant MediaNews Group is registered to conduct business in the State of Colorado. Defendant MediaNews Group conducts business throughout this District, the State of Colorado, and the United States.

10. Defendant The Denver Post Corporation is a corporation organized and existing under the State of Delaware with its principal place of business located at 101 West Colfax Avenue, Suite 1100, Denver, Colorado 80202. Defendant Denver Post is registered to conduct business in the State of Colorado. Defendant Denver Post conducts business throughout this District, the State of Colorado, and the United States.

11. Defendant Sullivan Promotions Inc. is a corporation organized and existing under the State of Colorado with its principal place of business located at 3345 Wadsworth Boulevard,

Suite J-100, Lakewood, Colorado 80227. Defendant Sullivan Promotions is registered to do business in the State of Colorado.[1] Defendant Sullivan Promotions conducts business throughout this District, the State of Colorado, and the United States.

12. The TCPA recognizes the laws of agency, as stated by the United States Supreme Court, "[u]nder common-law principles of agency, there is vicarious liability for violations of the [TCPA]. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (22016). An entity may be held vicariously liable for violations of the [TCPA] under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification. Communications Act of 1934 *§ 227, 47 U.S.C.A. § 227; In re: Monitronics International, Inc., Telephone Consumer Act Litigation,* 223 F.Supp.3d 514, 520 (N.D. West Virginia 2016). Furthermore, a seller is not directly liable for a violation of the [TCPA] unless it initiates a call, but may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer. *Id.* at 518.

13. In this case, each of the Defendants was the agent of the other Defendant, and was during all relevant times acting and conducting itself within the purpose and scope of such agency. Plaintiff is informed and believes, and alleges thereon, that during all relevant times mentioned herein each Defendant, whether actually or fictitiously named was the principal, agent or employee of each other Defendant, and in acting and conducting itself as such principal, or within the course and scope of such employment or agency, took at least some part in the acts and omissions hereinafter set forth by reason of which each defendant is liable to Plaintiff for the relief sought herein. At all times relevant mentioned herein, the Defendants ratified the unlawful conduct of the

---

[1] http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&entityId2=19941058901&srchTyp=ENTITY&fileId=19941058901&masterFileId=19941058901

4

other Defendant, who were acting within the scope of their agency or employment, by accepting the benefits of any transaction with knowledge of the wrongdoing, or otherwise by failing to repudiate or retract the misconduct or wrongdoing.

14. More specifically, Defendant MediaNews Group and Defendant Denver Post hired Defendant Sullivan Promotions to make calls to consumers to generate subscriptions for the Denver Post and other publications. In addition, Defendant MediaNews Group and Defendant Denver Post work together with Sullivan Promotions to coordinate customers to be called who are fresh leads as well as individuals with expiring and expired subscriptions. Defendant MediaNews Group and Defendant Denver Post had knowledge, consented to, and/or ratified Defendant Sullivan Promotion's calling activities. Additionally, Defendant MediaNews Group and Defendant The Denver Post authorized Defendant Sullivan to use Defendant The Denver Post's trade name in the illegal telemarketing campaign, and Defendant MediaNews Group and Defendant The Denver Post knowingly received and retained a monetary benefit from Defendant's Sullivan's telemarketing activities.

15. Each Defendant in this case will sometimes be referred to, collectively, as "Defendants".

## COMMON FACTUAL ALLEGATIONS

16. Defendant MediaNews Group is a company that owns and operates several large news and media publications throughout the United States.[2] MediaNews Group owns The Denver Post.[3] Defendant Denver Post publishes *The Denver Post*, a daily newspaper.

---

[2] *See* http://www.denverpost.com/2017/10/23/steve-rossi-retiring-digital-first-media/; ("Digital First Media, owner of The Denver Post …").

[3] MediaNews Group owns the following additional newspapers, for which Sullivan Promotions also places solicitation calls on behalf of: *The Boulder Daily Camera, The Loveland Herald, The*

5

17.     Defendant MediaNews Group, to promote its several newspapers and publications (including *The Denver Post)*, has turned to unsolicited telemarketing as a way to increase its customer base by contracting with Sullivan Promotions, as shown in the following two (2) image below.[4]



*figure 1*

---

*Longmont Times, The Sterling Journal Advocate,* and *The Fort Morgan Times. See* https://sullivanpromotions.com; http://digitalfirstmedia.com/our-brands/.

[4] The image reads, in pertinent part, "[w]e have represented the Denver Post since 1983 … " *See* http://sullivanpromotions.com/.  Also see figure 2.

6



*figure 2*

18.　Accordingly, telemarketing, via companies such as Sullivan Promotions, is a primary method by which Defendant MediaNews Group and Defendant Denver Post recruit new customers to subscribe to *The Denver Post*.

19.　Online consumer complaints related to Defendant Sullivan Promotions' telemarketing calls for the Denver Post are numerous. A few of the complaints are:

- "I detest these cretins. Nothing is lower than telemarketers calling you multiple times daily. The DO NOT CALL list is useless. These !@#$%^&*()!!! really make me angry. I would not accept one of their client newspapers as a gift now!!!"5

- "stop calling. I know you're third party hired to get subscriptions but I have said do not call, emailed do not call and now FB do not call. STOP calling."6

---

5 https://www.facebook.com/pages/Sullivan-Promotions/110570539005042
6 *Id.*

7

- *"Sullivan Promos in Lakewood CO…Joke Contracted to call for Denver Post. Calls several times a day for over a year now on different numbers …"[7]*
- *"it's the Denver post calling"[8]*
- *"Denver Post telemarketer."[9]*
- *"Been called by this number 9 times in 2 [days]"[10]*
- *"This number has been calling me up to 6 times a day and never leaves a message! I see I'm not the only one when googling the number …"[11]*
- *"I get multiple calls each day and also in the evening hours. I have blocked the call and they then use a different number to call. I am very irritated with this company harassing calls. I called Sullivan promotions and requested that our phone number be removed from their calling list and the person who answered hung up the phone."[12]*

20.     Defendant Sullivan Promotions makes telemarketing calls on behalf of MediaNews Group and Denver Post.

21.     Defendant Sullivan Promotions does not sufficiently train its employees in Do Not Call procedures. As a result, consumers who request to not be called again continue to receive calls.

22.     Defendants, collectively and/or their agents place repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry and continued to do so after consumers' request that the calls stop. Consumers register their phone numbers on the Do Not Call registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here. Defendants does not remove from its telemarketing lists the numbers of consumers who are on the Do Not Call list and who request to not be called again.

---

[7] https://800notes.com/Phone.aspx/1-720-644-4459.
[8] *Id.*
[9] https://www.shouldianswer.com/phone-number/7206444459.
[10] http://www.whycall.me/720-644-4459.html.
[11] https://whocallsme.com/Phone-Number.aspx/7206444459.
[12] https://www.facebook.com/pages/Sullivan-Promotions/110570539005042.

23. At all times material to this Complaint Defendants were and are fully aware that unsolicited telemarketing calls are being made to consumers' residential landlines after the consumers request that the calls stop through their own efforts and/or its agents.

24. Defendants knowingly made (and continue to make) unsolicited telemarketing calls without the prior express consent of the call recipients and knowingly continued to call them after requests to stop. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF LYNN DICKSON

25. In or around 2001, Dickson subscribed to *The Denver Post*.

26. On July 29, 2003, Dickson's landline telephone number was registered on the National Do Not Call Registry specifically to avoid telemarketing calls.

27. In late 2016, Dickson canceled her subscription to *The Denver Post*.

28. Shortly after Dickson canceled, she began receiving a wave of calls on her landline telephone from the phone number (720) 644-4459.

29. The calls from telephone number (720) 644-4459 solicited Dickson to re-subscribe to *The Denver Post* by offering her several incentives to do so.

30. On several occasions, including when the calls first began, Dickson demanded that the solicitation calls stop and emphasized the fact that she had no desire to do business with them anymore. Simply put, Dickson opted-out of the receipt of any further calls.

31. However, despite Dickson's demands, she continued to receive unwanted telemarketing calls from telephone number (720) 644-4459 soliciting her for the Denver Post newspaper.

32. Defendant Sullivan Promotions is the owner and/or operator of telephone number (720) 644-4459.[13] [14]

33. Dickson received approximately twenty (20) unwanted solicitation calls on her landline telephone from Sullivan Promotions promoting the Denver Post.

34. Dickson received unwanted telemarketing calls on her landline telephone more than thirty (30) days after her "stop calling" request.

35. As a result of Defendants' repeated intrusive and unwanted telemarketing calls within a 12-month period, Dickson suffered actual harm in the form of annoyance, nuisance, and invasion of privacy.

36. At the time it placed calls to Dickson, Defendants were aware that the above-described telephone calls were and are being made to consumers like Dickson who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry -- and even to those who have already demanded that the calls stop.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and two Classes defined as follows (the "Classes"):

**Stop Calling DNC Class**: All individuals in the United States from four years ago to the date of the filing of the instant action who (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants within a 12-month period; and (3) who requested that Defendants not call them again (4) but who received another call from Defendants at least 30 days after the request to stop calling them.

---

[13] The White Pages identify telephone number (720) 644-4459 as belonging to "Promos Sullivan in Colorado". *See* https://premium.whitepages.com/details/phone/?type=person_phone_query&phone_number=720-644-4459+&button.

[14] Several online complaints associate telephone number (720) 644-4459 with Defendant Sullivan Promotions. *See* ¶ 18.

38. Excluded from the Class are (1) Defendants, their agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Plaintiff's counsel and Defendants' counsel.

39. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendants' records.

40. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) Whether Defendants systematically made multiple telephone calls to members of the Classes whose telephone numbers were registered with the National Do Not Call Registry and whether the calls were made to such persons after they requested to no longer be called

   (b) Whether Defendants sufficiently train personnel in Internal Do Not Call procedures;

   (c) Whether Defendants' conduct constitutes a violation of the TCPA; and

11

      (d)      Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

41. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

42. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the Stop Call DNC Class)**

43. Plaintiff incorporates paragraphs 1-42 as if fully set forth herein.

44. Defendants violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to telephone subscribers such as Plaintiff and the Stop Call DNC Class who were registered on the national do not call registry and who specifically told Defendants to stop calling them, and who received more calls within a 12-month period from Defendants after informing Defendants to stop calling them, including calls received 31 or more days after the stop calling request.

45. Defendants made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and by failing to adequate inform and train its personnel in the existence and use of the do not call list.

46. As a result of Defendants' unlawful conduct, Plaintiff and the Stop Call DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

47. To the extent Defendants' conduct is deemed to be knowing and/or willful violations of the TCPA, Plaintiff and the Stop Call DNC Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lynn Dickson, individually and on behalf of the Classes, prays for the following relief:

48. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Classes, and appointing her counsel as Class Counsel;

49. An award of actual and statutory damages;

50. An injunction requiring Defendants and/or their agents to cease all unsolicited telephone calling activities, to honor do not call requests, and otherwise protecting the interests of the Classes;

51. A declaratory judgment declaring that Defendants did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and to stop calling them;

52. An award of reasonable attorneys' fees and costs; and

53. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**LYNN DICKSON**, individually and on behalf of Classes of similarly situated individuals

Dated: January 26, 2018

By: ___/s/ Steven L. Woodrow_____
   One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico, Ave. Suite 300
Denver, CO 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Ave. Ste. #1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

*Attorneys for Plaintiff and the Alleged Class*